Green, J.
delivered the opinion of the court.
The only question we need notice in this case, is, as to the effect, the abatement of an appeal in error, in this court, will have upon the judgment of the circuit court, from which the appeal in the nature of a writ of error was taken.
This is an action on the case, to recover monies expended for the benefit of the defendant’s intestate, in pursuance of a contract made with her, through her agent. On the trial, the defendant undertook to prove in defence, that his intestate was, at the time said contract was made, of unsound mind, and incapable of making a valid contract. For this purpose, the only evidence introduced by the defendant, was a proceeding instituted in the county court of Lincoln county, to inquire into the lunacy of Elizabeth Thurston, the defendant’s intestate. Upon this inquisition the jury found that said Elizabeth Thurston, was of unsound mind, and incapable of governing herself, and managing her property. The return of the jury was quashed in the county court, and an appeal was taken to. the circuit court, where the judgment of the county court was reversed; from which judgment, an appeal was taken to the supreme court. Before the cause was heard in this court, Elizabeth Thurston died; and on the • 17th of December, 1847, the appeal was abated by the judgment of the court.
*324 Upon this evidence, his Honor told the jury, that as the judgment of the circuit court had been appealed from, and there had been no final action on the case in the supreme court, the proceeding was no evidence of the lunacy of Mrs. Thurston, no more than if no such proceeding had ever taken place.
The jury found for the plaintiff, and the defendant appealed to this court.
After much reflection upon this point, we are unable to sustain the judgment of the circuit court. The appeal in the nature of a writ of error, given by our acts of 1811, ch. 72, sec. 11, and 1813, ch. 78, sec. 2, is intended to operate as a writ of error and supersedeas, at common law would do. The appeal in error, suspends the judgment of the circuit court, but does not abrogate that judgment, until a judgment shall be pronounced in the supreme court. And if the appeal in error be dismissed, or abated, the judgment of the circuit court remains in full force.
That such would be the effect upon the case, if a writ of error and supersedeas were prosecuted, and then dismissed, or abated, is not doubted. Tidd, 1064, 1095. And, as we think, the appeal in error was intended by the statutes to come in lieu of the writ of error and supersedeas; the same effect will follow, if such appeal in error be abated.
The judgment of the circuit court, upon the inquisition of lunacy, is therefore in full force, and is prima facie evidence of the fact of lunacy. 1 GreEnleaf, Ev., section 556.
The court having erred in this instruction, we cannot presume it had no influence on the jury, and that there was other sufficient evidence to support the finding, *325 although the bill of exceptions does not contain all the evidence.
Reverse the judgment, and remand the cause for another trial.